Dear Mayor Bacquet:
Reference is made to your recent request for an Attorney General's opinion regarding contributions by the City of Ville Platte to various private, non-profit organizations that sponsor events in the City of Ville Platte, including the organizations that sponsor the Louisiana Cotton Festival, the Gumbo Festival, the Smoked Meat Festival, and Swamp Music Series. The City is also considering sponsoring civic events sponsored by youth organizations, including baseball leagues and the boy scouts.
According to your correspondence, the City of Ville Platte is considering sponsoring some or all of the above-described events, and perhaps other events in the future, and would like to provide, at no charge to event sponsors, the use of City property and City employees to operate these events. The City is also considering donating public funds for the benefits of these events. You advise that such events bring tourists to the area and give recognition to the City of Ville Platte, which may attract industry to the area.
Specifically, you have asked this office to address the following questions:
 "Is it legally permissible for the City in light of Article 7, Section 14 of the Constitution of the State of Louisiana, or any other applicable laws or constitutional provisions to allow use of its property and employees to further the effort of events and organizations? Further, can they expend/donate public funds in furtherance of these activities?"
Regrettably, although this office is supportive of Ville Platte's efforts to encourage agricultural, social, cultural and other events among its citizenry, we are constrained to advise that in accordance with La. Const. Art. VII, Sec. 14, the City of Ville Platte cannot donate public funds or the use of public personnel or property by private entities or organizations, even though the events these organization sponsor may bring notoriety to Ville Platte.
La. Const. Art. VII, Sec. 14(A) prohibits the political subdivisions of this state from loaning, pledging or donating public funds, credit, property, or things of value to or for any person, firm, or corporation, public or private. This constitutional provision has been interpreted by the Louisiana Supreme Court in City of Port Allen v. Louisiana MunicipalRisk Agency, 439 So.2d 399 (La. 1983), which held that the Constitution is violated whenever the state or a political subdivision gives up something of value when it is under no obligation to do so.
The jurisprudence of this state also makes it clear that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. In James v. RapidesParish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), the court interpreted La. Const. (1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14(A). Therein, the court stated:
 ". . . [T]hese specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public fisc by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important governmental functions." 113 So.2d at p. 93.
We are unaware of any provision of law that would obligate the appropriation of public funds or the loan of public property and personnel for use by the operators of festivals and events such as those described in your letter. Furthermore, we are compelled to consider the previous opinions of this office that have reached the same or a similar conclusion as reached herein:
In Attorney General's Op. 97-441, the Attorney General's office opined that Bienville Parish could not appropriate public funds to a private fair association for use as premiums and awards. In Attorney General's Op. No. 96-109, we determined that public funds of Jackson Parish could not be appropriated for 4-H awards. Attorney General's Op. No. 82-1032 states that the Bienville Parish Police Jury could not donate funds to a service club for assistance and promotion of a Christmas festival in Arcadia. In Attorney General's Op. No. 77-1157, the Acadia Parish Police Jury was advised that the constitution prohibits it from expending public funds to assist a Frog Festival or a Mardi Gras celebration. See also: Opinions of the Attorney General, 1946-48, p. 508, which determined that municipalities and parishes are constitutionally prohibited from donating to a private fair corporation.
We trust this opinion to sufficiently address your concerns. Should you have any further questions, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: April 8, 2002